Filed 4/15/14  P. v. Ruff CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GARY RUFF,<br><br>    Defendant and Appellant. | D063378<br><br><br>(Super. Ct. No. SCS249394) |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Kessler & Seecof and Daniel J. Kessler, under appointment by the Court of Appeal, for the Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Julie L. Garland, Assistant Attorneys General, Barry Carlton, James H. Flaherty III, Deputy Attorneys General, for the Plaintiff and Respondent.

A jury convicted Gary Ruff of assault with a firearm (Pen. Code,[1]§ 245, subd. (a)(2)) and possession of a firearm by a felon. (§ 12021, subd. (a)(1).) The jury also found true that Ruff personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury on his victim in committing the assault. (§ 12022.7, subd. (a).) Ruff moved to dismiss two strike priors under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). The court denied the motion. It sentenced him to 48 years to life in prison.

Ruff contends the court abused its discretion in denying his request for a continuance. Ruff also contends his counsel rendered ineffective assistance by failing to verify during sentencing that one of his previous burglary convictions was of a vehicle and not a residence. We affirm.

BACKGROUND[2]

On the day set for trial to commence, Ruff's newly retained counsel requested a 90-day continuance to prepare a defense. The court denied the request, stating, "There is no good cause to continue the case at this point. And I find that it's also a delay tactic to file—which is exactly on the eve of trial." The court stated, "We've already had pretrial motions in the case. Today has been the date set for trial. We've met . . . three times . . . and I've never been advised that [Ruff] was seeking retained counsel." The court further

---

[1]    All statutory references are to the Penal Code unless otherwise specified.

[2]    We omit the facts of the underlying convictions because they are immaterial to the issues we decide on appeal. We are cognizant that the facts of the present offense are relevant for purposes of the court's *Romero* analysis, but Ruff's claim is limited to defense counsel's failure to correct the nature of one of his priors, and he does not challenge the trial court's findings concerning this present offense.

stated, "It's prejudicial to the People, and it's prejudicial to the court to continue to have the file continue and continue and continue. It's already been a year." It explained that 100 jurors were prescreened for a two-week trial, appointed counsel was ready for trial, and the People had summoned witnesses.

Ruff moved for a new trial on various grounds, including that the court abused its discretion in denying his requested continuance. The court denied the new trial motion as untimely. It added: "Defense counsel does not claim that [Ruff] tried multiple times to retain him . . . only that he was unhappy with this court-appointed counsel. [¶] The defense motion [concedes] that [Ruff] was unhappy with his representation, and therefore, requested several *Marsden* [(*People v. Marsden* (1970) 2 Cal.3d 118)] hearings and then subsequently decided to hire [retained counsel]."

Ruff filed a *Romero* motion seeking to dismiss two burglary strike priors from 1984 and 1985 on grounds they were stale.[3] The People opposed the motion, incorrectly claiming that in 1990 Ruff had pleaded guilty to residential burglary. In fact, Ruff pleaded guilty in 1990 to vehicular burglary.[4] Defense counsel failed to correct the error.

In evaluating the *Romero* factors, the court deemed the nature of the present offense, "extremely serious, violent, vicious, and could have resulted in the loss of life to the victim. . . . [T]he victim suffered very serious injuries and could have died as a

[3]    In his *Romero* motion, Ruff stated the burglary convictions were both from 1985. However, the record identifies 1984 and 1985 as the years in which he suffered his convictions.

[4]    We previously granted Ruff's request for judicial notice of the charging document and plea agreement showing his 1990 guilty plea was for vehicular burglary.

3

result." It added that "the victim was especially vulnerable in that [Ruff] was armed with a firearm while the victim was completely unarmed."

The court found Ruff did not assume responsibility for his actions: "[Ruff] expresses absolutely no remorse or responsibility for his actions and, in fact, continues to blame the victim for shooting him. He denies intentionally shooting the victim, blames the victim for the entire incident, taking no responsibility himself, denies leaving the area to escape arrest and denies everything else that indicates culpability on his part." The court pointed out Ruff "was armed with a firearm that he was not allowed to carry and witnesses reported that he always carried firearms despite the fact it was unlawful for him to do so because he was a convicted felon." It added, "[Ruff] was heard repeatedly threatening to shoot the victim prior to the gunshot, indicating planning and premeditation."

Further, the court observed that Ruff's strike offenses were stale, but found Ruff had a continuous and lengthy criminal history spanning 20 years. It explained, "[Ruff], since . . . beginning of his criminal record in 1984, . . . [has] suffered 10 felony convictions . . . . His strike convictions occurred on different dates and in different years. Although they occurred in 1984 and 1985, [Ruff] has failed to remain law abiding and change his life since that time. He has felony convictions in 1984, 1985, 1990, 1992, 1994, 1999, and 2011." Finally, the court stated, "[Ruff] has been to prison three times, the last time being in 1999. By his own admission, he was not dismissed from parole until 2006. Only five years later, he shot his son causing serious bodily injury. . . . [¶] By the account of the witnesses, [Ruff] continued to violate the law during the latter

4

2000's and that he was always seen with a firearm and threatened several people." The court declined to dismiss Ruff's strike priors because he falls squarely within the "Three Strikes" law.

## DISCUSSION

## I.

Ruff contends the court abused its discretion in denying a continuance because the prosecution would not have been prejudiced by the delay.

A criminal defendant has the right to retain counsel of his or her own choosing. (*People v. Courts* (1985) 37 Cal.3d 784, 789; U.S. Const., 6th Amend.; Cal. Const, art. I, § 15; Pen. Code, §§ 686, 859, 987; *Gideon v. Wainwright* (1963) 372 U.S. 335, 344-345.) However, the right to counsel of choice is not absolute and it may yield when it "result[s] in significant prejudice to the defendant himself or in a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case." (*Courts*, at pp. 790-791.) "The right to such counsel 'must be carefully weighed against other values of substantial importance, such as that seeking to ensure orderly and expeditious judicial administration, with a view toward an accommodation reasonable under the facts of the particular case.' " (*Ibid.*)

The burden is on the defendant to establish an abuse of discretion. (*People v. Blake* (1980) 105 Cal.App.3d 619, 624.) There is no mechanical test for deciding whether a denial of a continuance is so arbitrary as to violate due process. (*Ibid.*) Rather, the issue must be decided on the facts of each case. (*Ibid.*) The reviewing court will not disturb the trial court's ruling absent an abuse of discretion. (*Ibid.*)

5

Considering the lateness of Ruff's request for a continuance, we do not second-guess the court's stated concern for an expeditious judicial administration of justice. As we stated in another case: "[w]here a continuance is requested on the day of trial, the lateness of the request may be a significant factor justifying denial absent compelling circumstances to the contrary." (*People v. Jeffers* (1987) 188 Cal.App.3d 840, 851.) Ruff has not persuaded us the court's decision was arbitrary or beyond reason. We conclude the court did not abuse its discretion in denying Ruff's requested continuance.

## II.

Ruff contends his counsel rendered ineffective assistance by failing to verify that Ruff's 1990 conviction was for vehicular burglary.

A defendant seeking reversal for ineffective assistance of counsel must prove both deficient performance and prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) The proper measure of attorney performance is "reasonableness under prevailing professional norms." (*Id*. at p. 688.) The court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." (*Id.* at p. 690.) "Judicial scrutiny of counsel's performance must be highly deferential." (*Id.* at p. 689.) "[E]very effort [must] be made to eliminate the distorting effects of hindsight." (*Ibid.*) Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence of the outcome." (*Ibid.*) "Failure to make the required showing of

6

either deficient performance or sufficient prejudice defeats the ineffectiveness claim."
(*Id*. at p. 700.)

The purpose of the Three Strikes law is to "ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of one or more serious and/or violent offense." (§ 667, subd. (b).) A defendant who commits any felony with one strike prior must be sentenced to twice the base term of the current felony. (§667, subd. (e)(1).) A defendant who commits any felony and has two or more strike priors on his or her record must be sentenced to a minimum of 25 years to life in prison for the current felony. (§ 667, subd. (e)(2).)

Section 1385, subdivision (a) allows a court to dismiss strike priors in "furtherance of justice." However, a court's discretion is limited. (*Romero*, *supra*, 13 Cal.4th at p. 530.) Specifically, a defendant convicted of the requisite strike triggering a second or third conviction is presumed to fall within the provisions of the Three Strikes law. (*Id.* at p. 508.) A court's refusal to dismiss a defendant's strike priors is reviewed under the highly deferential abuse of discretion standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) It is not enough to show that reasonable people might disagree about whether to strike a prior conviction. (*Ibid.*) Only extraordinary circumstances justify finding a career criminal outside the purview of the Three Strikes law. (*Ibid.*) Thus, "[T]he circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the [T]hree [S]trikes scheme must be even more extraordinary." (*Ibid*.)

In deciding whether to dismiss a strike prior in furtherance of justice, "the court in question must consider whether, in light of the nature and circumstances of [the

7

defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of [the defendant's] background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though [the defendant] had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Ruff's claim fails because he has not shown prejudice. Even if his counsel had clarified that Ruff's conviction was for vehicular rather than residential burglary, there was no reasonable probability that the court would have granted the *Romero* motion. The record shows the trial court balanced all the relevant factors in applying the Three Strikes law. Because of Ruff's lengthy and continuous criminal history, whether Ruff's 1990 burglary conviction involved a vehicle or a residence was of little consequence in the court's decision declining to dismiss Ruff's 1984 and 1985 strike priors. Ruff had suffered 10 felony convictions between 1984 and 2011 and despite serving three prison terms, continued to break the law by carrying a firearm and threatening several people with it. The court also deemed the nature of the present offense extremely serious and violent, finding the victim was especially vulnerable and Ruff intended to shoot him. It found Ruff lacked remorse and failed to take responsibility for the crime.

In light of the court's thorough analysis of the *Romero* factors, we conclude it did not abuse its discretion. In fact, Ruff does not dispute the court's analysis; to the contrary, he concedes in his opening brief that "in refusing to strike the strike, the trial court emphasized the gravity of the instant case and the fact that [Ruff] possessed an illegal weapon." Accordingly, Ruff's claim for ineffective assistance of counsel fails.

8

DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.